UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
PETER CAMPBELL and MICHAEL BERKLEY          :
                                            :
                Plaintiffs,                 :
                                            :
                                            :  Civil Action No. 10-Civ-3177
        -  against -                        :  (JSR)
                                            :
THALES FUND MANAGEMENT, LLC; THALES         :
FUND MANAGEMENT, LLC DEFERRED               :
COMPENSATION PLAN; MAREK FLUDZINSKI;        :
KEVIN ERSHOV; and MOLLY ROGERS              :
                                            :
                Defendants.                 :
                                            :
------------------------------------------------------------------- x


# DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT


                                        TANNENBAUM HELPERN
                                         SYRACUSE & HIRSCHTRITT
                                        900 Third Avenue
                                        New York, NY 10022
                                        Telephone:    (212) 508-6700
                                        Facsimile:    (212) 371-1084

Of Counsel:
    Andrew W. Singer
    Carl D. LeSueur

**Table of Contents**

Page

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .......................................................................................................2

ARGUMENT.............................................................................................................................4

    I.     Plaintiffs Fail to Allege an ERISA Plan Under Which They
          Could Defer Previously Earned Bonuses..................................................................4

    II.    Plaintiffs Fail to State A Cause of Action for Breach of Contract...........................6

    III.   Plaintiffs Fail to State a Claim for Promissory Estoppel .........................................7

    IV.   Plaintiffs Fail to State a Claim for Fraud or
          Negligent Misrepresentation....................................................................................8

    V.    The Seventh Count Should Be Dismissed for
          All the Reasons Previously Given .........................................................................10

CONCLUSION........................................................................................................................10

## Table of Authorities

**Case**                                                                                                                            **Page**

*Belin v. Weissler*,
No. 97 Civ. 8787(RWS), 1998 WL 391114 (S.D.N.Y. July 14, 1998) .......................................... 9

*Colliton v. Cravath, Swaine & Moore, LLP*,
No. 08-Civ-0400, 2008 WL 4386764, *6 (S.D.N.Y. Sept. 24, 2008) ............................................. 4

*Foster v. Bell Atlantic Tricon Leasing Corp.*,
No. 93 Civ. 4527, 1994 WL 150830, *2 (S.D.N.Y. April 20, 1994) ............................................. 5

*Flynn v. Hach*,
138 F. Supp. 2d 334, 341 (E.D.N.Y. 2001) ................................................................................. 5

*Hershfang v. Citicorp*,
767 F. Supp. 1251, 1256 (S.D.N.Y. 1991) .................................................................................... 9

*Hunt v. Alliance North American Government Income Trust*,
159 F.3d 723, 730 (2d Cir. 1998) .................................................................................................. 9

*Phoenix Four Inc. v. Strategic Res. Corp.*,
No. 05 Civ. 4837 HB, 2006 WL 399396, *10 (S.D.N.Y. Feb. 21, 2006) ....................................... 7

*Reuben H. Donnelly Corp. v. Mark I Marketing Corp.*,
893 F. Supp. 285, 290 (S.D.N.Y. 1995) ........................................................................................ 7

*RG Group, Inc. v. Horn & Hardart Co.*,
751 F.2d 69, 78 (2d Cir. 1984) ...................................................................................................... 7

*Wallace v. N.Y. City Dep't of Corrections*,
No. 95 CV 4404, 1996 WL 586797, *2 (E.D.N.Y. Oct. 9, 1996) .................................................. 5

*Weisse v. Engelhard Minerals & Chemicals Corp.*,
571 F.2d 117, 119 (2d Cir. 1978) .................................................................................................. 7


**Statutes**                                                                                                                        **Page**

Federal Rules of Civil Procedure, Rule 9 ....................................................................................... 8

N.Y. Gen. Ob. Law § 5-701 ............................................................................................................ 7

**PRELIMINARY STATEMENT**

Plaintiffs' Amended Complaint fails to salvage Plaintiffs' ERISA cause of action, which is the sole basis for alleging jurisdiction in this Court. Accordingly, the entire action should be dismissed for lack of jurisdiction.

The Plaintiffs filed the Amended Complaint in order to remedy to a key contradiction in the original Complaint, which the Defendants had identified in their motion to dismiss. Specifically, Plaintiffs originally claimed that they made a decision in February 2008 to defer bonuses they had already earned in 2007. Plaintiffs claimed they made this deferral pursuant to and in reliance upon the Thales Deferred Compensation Plan (the "Thales Plan"). But the Thales Plan requires participants to make deferral elections in the year before the year in which income is earned. This was necessary in order for the plan participants to receive beneficial tax treatment. In other words, in order to defer 2007 income under the Thales Plan, Plaintiffs were required to make the deferral decision no later than December 31, 2006.

Plaintiffs now claim, in a total reversal, that they did not rely upon the Thales Plan at all. In fact, Plaintiffs now claim that they did not receive a copy of the Thales Plan until after their deferral decision. This artful revision, however, does *not* address the fatal flaw in Plaintiffs' ERISA cause of action. Plaintiffs cannot persist in claiming both that they had already earned the bonuses before they decided to defer them and that the deferrals were made under the Thales Plan. If Plaintiffs had already earned the bonuses, then they can have no claim under the Thales Plan. If the bonuses were future, unearned awards consistent with the Thales Plan, then Plaintiffs have no ERISA claim because the Thales Plan is not an ERISA plan and because Plaintiffs were terminated six months before the bonuses would have vested.

Even if the Court retains jurisdiction over the common law claims, Plaintiffs have failed to cure the deficiencies in their original Complaint.  For instance, Plaintiffs assert breach of contract claims against Fludzinski, Ershov and Rogers, but fail to allege the existence of any agreement between Plaintiffs and Fludzinski, Ershov or Rogers.  Similarly, Plaintiffs allege fraud and negligent misrepresentation against Fludzinski, Ershov and Rogers, but fail to allege with sufficient particularity any statement made by Fludzinsk, Ershov and Rogers that Plaintiffs relied upon.

For the reasons previously stated and set forth herein, Defendants respectfully submit that the ERISA cause of action should be dismissed as to all Defendants; the fraud, negligent misrepresentation, and promissory estoppel causes of action should be dismissed as to Fludzinski, Ershov, and Rogers; the breach of contract causes of action should be dismissed as to Ershov, Rogers, and Fludzinski; and the civil conspiracy cause of action should be dismissed as to all Defendants.  In addition, any of the remaining claims against any of the Defendants should be dismissed because any surviving causes of action sound in state law and there is no diversity jurisdiction over this matter.

## STATEMENT OF FACTS

Defendants respectfully refer the Court to the Statement of Facts provided in the Defendants' initial Memorandum of Law, filed on June 17, 2010.  We review here only a few allegations specifically raised by the Amended Complaint.

### *Plaintiffs Retract Allegations That They Relied on the Thales Plan*

As Plaintiffs allege in both their original Complaint and their Amended Complaint, Plaintiffs decided to defer income in February 2008.  (Compl. ¶ 12; Am. Compl. ¶ 12.)  The

2

Plaintiffs also allege, in both the original and the Amended Complaint, that the deferred income was earned in 2007, before their decision to defer the income. (Compl. ¶ 9; Am. Compl. ¶ 9.)

In the original Complaint, however, Plaintiffs allege that their deferral decisions were "based upon both the oral assurances of Thales insiders (including Rogers) and the Deferred Compensation Plan documents provided to Campbell and Berkley." (Compl. ¶ 12.) The Thales Plan, however, requires employees to make deferral decisions in the year before the employees earn the income. The Thales Plan does not allow for deferral of previously earned income.

In their Amended Complaint, Plaintiffs have removed the allegation that they relied upon the Thales Plan in making their deferral decision. Instead, Plaintiffs now allege that they did not receive the Thales Plan "until in or about April 2008," after they had already decided to defer income. (Am. Compl. ¶ 17.) They claim that their decision to defer income was "[b]ased upon the representation of Fludzinsky to Weekley – which Weekley repeated to Plaintiffs at Fludzinski's direction in accordance with the chain of command at Thales." (Am. Compl. ¶ 13.) According to Plaintiffs, that representation – as told to them by Weekley – was that "the deferred bonus compensation would be rolled over into a new event-driven fund that would be affiliated with Thales and operated by the other members of the event driven group." Further, Weekley advised Plaintiffs that "Thales would pay the deferred compensation on January 1, 2010" and that Plaintiffs would forfeit the deferred compensation if they "voluntarily terminated their own employment before January 1, 2010." (Am. Compl. ¶ 13.)

### *Alleged Statements that Deferred Income Was Placed In Money Market Accounts*

Plaintiffs allege in the Amended Complaint that Rogers told Berkley (at some unspecified time after March 2008) that Berkley's deferred compensation would be invested in a money market account until it could be rolled over into a new fund to be operated by Plaintiffs. (Am.

Compl. ¶ 15.)  Plaintiffs further allege that "[a]t no point was it made clear to Berkley or Campbell that their deferred compensation was invested in anything other than a money market account after March 2008."  (Am. Compl. ¶ 15.)

However, "in or about April of 2008" Plaintiffs received copies of the Thales Plan document.  (Am. Compl. ¶¶ 17.)  The Thales Plan explicitly states that "[t]he Plan shall be unfunded . . . .  All distributions shall be paid by the Employer from its general assets." (LeSueur Decl. Ex. 2 ¶ 6.1.)  Further, the Thales Plan clarifies that "hypothetical investments vehicles are to be used for measurement purposes only" and "<u>shall not</u> be considered or construed in any manner as an actual investment."  (LeSueur Decl. Ex. 2 ¶ 6.1.).

## **ARGUMENT**

### **I.    Plaintiffs Fail to Allege an ERISA Plan Under Which They Could Defer Previously Earned Bonuses**

The Plaintiffs do not allege they were participants in an ERISA plan.  The Plaintiffs have now explicitly retracted their allegations that they deferred their bonuses in reliance on the Thales Plan, and deny they did.  (*Compare* Compl. ¶ 12 (alleging Defendants deferred in reliance upon "oral assurances of Thales insiders (including Rogers) and the Deferred Compensation Plan") *with* Am. Compl. ¶¶ 12, 17 (alleging that Defendants relied solely upon "the representation of Fludzinski to Weekly – which Weekly repeated to Plaintiffs," and that they did not receive the Thales Plan until April 2008).)  Such blatantly contrary allegations in an Amended Complaint can be ignored and the Court may instead accept the original allegation as true.  *See Colliton v. Cravath, Swaine & Moore, LLP*, No. 08-Civ-0400, 2008 WL 4386764, *6 (S.D.N.Y. Sept. 24, 2008) (where a plaintiff "blatantly changes his statement of facts in order to respond to the defendant's motion to dismiss," and "directly contradicts the facts set forth in his

4

original complaint" the "court accepts the facts as described in the original complaint as true") *quoting Wallace v. N.Y. City Dep't of Corrections*, No. 95 CV 4404, 1996 WL 586797, *2 (E.D.N.Y. Oct. 9, 1996).

Regardless, claiming that Plaintiffs did not rely upon the Thales Plan does not rescue their ERISA cause of action.  In the Amended Complaint, Plaintiffs allege that they relied upon Weekley's oral representations.  (Am. Compl. ¶¶ 12, 13.)  Like the terms of the Thales Plan, Weekley's alleged oral representations describe a bonus plan, not an ERISA plan.  As alleged, Weekley told Plaintiffs – at a time and place that is unspecified – that the deferred compensation would be paid on January 1, 2010 and would "only be forfeited if Plaintiffs voluntarily terminated their own employment before January 1, 2010."  Thus, Weekley described a plan that was not designed to "generally defer the receipt of income to the termination of employment," but was designed for the contrary result: to encourage continuing employment.  Such a bonus plan is not an ERISA plan.  *See Foster v. Bell Atlantic Tricon Leasing Corp.*, No. 93 Civ. 4527, 1994 WL 150830, *2 (S.D.N.Y. April 20, 1994) (plan was not ERISA plan, notwithstanding potential of pay-out over a long period of years, where post-termination bonuses were "not awarded automatically or as a matter of course" under the plan).  Besides, "ERISA does not . . . contemplate the enforcement of oral contracts since the terms of the plan must, by law, be in writing."  *Flynn v. Hach*, 138 F. Supp. 2d 334, 341 (E.D.N.Y. 2001).

Even if Plaintiffs did claim they deferred compensation under the Thales Plan (and even if the Thales Plan were an ERISA plan, which it is not), they have failed to allege facts showing that they were eligible to participate in the Thales Plan.  If Plaintiffs had already earned the bonuses in 2007, the bonuses were not eligible for deferral under the Thales Plan in 2008.  The Thales Plan explicitly requires that any election to defer compensation must be made in the year

5

prior to the year in which compensation is earned. (LeSueur Decl. Ex. 2 §§ 2.12, 4.1, and 4.2.) In other words, in order to elect to defer bonuses earned in 2007 under the Thales Plan, Plaintiffs would have had to make an election no later than December 31, 2006. But, as Plaintiffs themselves allege, they were not even employed by Thales on December 31, 2006 and did not make any deferral decision until February 2008. (Am. Compl. ¶¶ 7, 12.) Thus, any 2007 bonuses Plaintiffs earned were not eligible for deferral under the Thales plan. If Plaintiffs did not defer under the Thales Plan, then what plan did they defer under? The Plaintiffs have failed to allege the existence of a plan that provides for the deferral of previously earned income.

The truth behind the glaring inconsistencies and omissions in Plaintiffs' allegations is easy to discern: Plaintiffs never earned these bonuses. Instead, Thales, in order to create an incentive for Plaintiffs to remain and perform well at Thales, offered Plaintiffs future bonuses that they would earn on January 1, 2010, and the opportunity to defer those bonuses under the Thales Plan. But Plaintiffs did not perform well and did not remain employed. Plaintiffs' sub-strategy in the fund was closed in March 2008 and Plaintiffs were terminated in June 2009. Now Plaintiffs are attempting to extract money they never earned.

Because Plaintiffs have failed to allege they were eligible to participate in any ERISA plan in February 2008 under which they could have deferred bonuses they earned in 2007, Plaintiffs have failed to state a claim under ERISA. The First Count of the Amended Complaint, asserting a cause of action under ERISA, should therefore be dismissed.

## II.     Plaintiffs Fail to State A Cause of Action for Breach of Contract

Plaintiffs now assert not one but two causes of action for breach of contract. The first cause of action should be dismissed for the reasons stated in the Defendants' initial Memorandum of Law in Support of Their Motion to Dismiss.

The second cause of action for breach of contract – which Plaintiffs assert for the first time in the Amended Complaint – does not even allege the basic elements of a breach-of-contract claim.  For instance, Plaintiffs do not allege that they performed their obligations under the contract and do not set forth the date, terms, or parties to the contract.  *See Phoenix Four Inc. v. Strategic Res. Corp.,* No. 05 Civ. 4837 HB, 2006 WL 3993996, *10 (S.D.N.Y. Feb. 21, 2006) (to allege existence of an agreement, party, must allege the provisions of the contract upon which the claim is based); *Reuben H. Donnelly Corp. v. Mark I Marketing Corp.*, 893 F. Supp. 285, 290 (S.D.N.Y. 1995) (to state a claim for breach of contract under New York law, a party must allege the existence of an agreement, due performance by the party alleging breach, a breach, and damages resulting from the breach).

At best, Plaintiffs allege that they made an oral agreement with Weekley in or about February 2008, that Thales would pay them a bonus on January 1, 2010 so long as Plaintiffs did not voluntarily terminate employment before that date.  That agreement is unenforceable under New York's statute of frauds because it could not be performed within a year.  *See* N.Y. Gen. Ob. Law § 5-701 (agreement that is not to be performed within one year is void if it is not in writing); *Weisse v. Engelhard Minerals & Chemicals Corp.*, 571 F.2d 117, 119 (2d Cir. 1978) (where cash bonus was to be paid more than one year from the date of the contract, contract was unenforceable under the New York statute of frauds).  For these reasons, the Second and Third Counts for Breach of Contract should be dismissed.

### III.     Plaintiffs Fail to State a Claim for Promissory Estoppel

A claim of promissory estoppel requires "a clear and unambiguous promise, a reasonable and foreseeable reliance by the party to whom the promise is made, and an injury by the party asserting the estoppel by reason of his reliance."  *RG Group, Inc. v. Horn & Hardart Co.*, 751

7

F.2d 69, 78 (2d Cir. 1984).  As a threshold point Plaintiffs fail to allege any reliance because they allege that the deferrals were mandatory.  (Am. Compl. ¶¶ 10-12.)  In addition, Plaintiffs' claim appears to be based on a promise that Thales would "pay the deferred bonus compensation," and not upon a promise by any of Fludzinski, Ershov or Rogers that any of them would perform any act.  Thus, Fludzinski, Ershov or Rogers are improper parties to this claim and the Fourth Count should be dismissed.

## IV.     Plaintiffs Fail to State a Claim for Fraud or Negligent Misrepresentation

Plaintiffs initial complaint failed to comply with the requirements of Rule 9 of the Federal Rules of Civil Procedure.  Plaintiffs' Amended Complaint shows a half-hearted attempt to amend their allegations of fraud and negligent misrepresentation to cure those deficiencies.

Plaintiffs had previously alleged, in conclusory manner, that "Defendants also negligently and falsely misrepresented to Plaintiffs that their deferred compensation would be invested in a money market account."  (Compl. ¶ 44.)  In the Amended Complaint, all allegations where Plaintiffs had failed to identify the speaker and instead claimed generally that the "Defendants" made negligent or fraudulent misrepresentations, Plaintiffs have done nothing more than replace "Defendants" with "Thales, Fludzinski, Ershov and Rogers," as though that were somehow more specific.  (*Compare* Complaint ¶¶ 44, 49 *with* Am. Compl. ¶¶ 51, 58.)  Even if it were plausible – which it is not – that Defendants spoke in a Greek chorus-like unison, Plaintiffs have still failed to set forth in particularity what was said, where it was said, or when it was said.  (*See* Am. Compl. ¶¶ 51, 52, 57, 58)  Underscoring the careless and insufficient manner in which these claims have been pleaded, Plaintiffs allege that Thales – a voiceless entity that can only speak through its agents – was a speaker in each instance.

The only place where Plaintiffs specifically identify a speaker is in their allegations in paragraphs 49 and 55.  In paragraph 55, for instance, Plaintiffs allege that "Fludzinski intentionally and falsely represented that the bonus compensation would be rolled over into a new fund that would be operated by the members of the event-driven trading group and affiliated with Thales."  But even that allegation fails to specify where or when such a conversation is supposed to have taken place.  Moreover, it is unclear what part of the statement was false: on its face, it appears to represent a planned future course of action.  Just because the plan did not come to fruition does not render it a fraudulent statement.  *See, e.g., Hershfang v. Citicorp*, 767 F. Supp. 1251, 1256 (S.D.N.Y. 1991) ("Statements about future events that are plainly expressions of opinion and not guarantees are not actionable under federal securities laws.").  Certainly, Fludzinski could not have foreseen in early 2008 that the market would soon drop into a historic slump and that Plaintiffs and the other members of the event-driven strategy would be unable to raise sufficient interest to open a new fund.  If such circumstances had been foreseen, Plaintiffs would likely have been terminated long before June 2009.

Moreover, Plaintiffs fail to allege any reliance upon this representation because they allege that the deferrals were mandatory.  (Am. Compl. ¶¶ 10-12.)  Neither do Plaintiffs allege that they reasonably relied upon any other statement made by any of the Defendants.  Even if one of the Defendants had misinterpreted some of the provisions of the Thales Plan at some point, Plaintiffs had a copy of the Thales Plan and the Deferral Agreements themselves, and could have reviewed the terms themselves.  *See Hunt v. Alliance North American Government Income Trust*, 159 F.3d 723, 730 (2d Cir. 1998) (investors could not have justifiably relied on misstatements in advertisements when the correct information was available in prospectuses); *Belin v. Weissler*, No. 97 Civ. 8787(RWS), 1998 WL 391114, *5 (S.D.N.Y. July 14, 1998) (fraud claim based on

9

oral misstatements dismissed where plaintiffs could have asked to review the agreement at issue). Accordingly, Plaintiffs have failed to allege facts sufficient to state a cause of action for fraud or negligent misrepresentation against any of the Defendants. The Fifth and Sixth Counts should be dismissed as against all Defendants.

## V.     The Seventh Count Should Be Dismissed for All the Reasons Previously Given

The Seventh Count, a supposed cause of action for Civil Conspiracy, is not cognizable under New York law, as stated in the initial Memorandum of Law. For all the reasons stated therein, we respectfully submit that the Seventh Count should be dismissed.

## CONCLUSION

Because Plaintiffs fail to state a claim under ERISA, Plaintiff's ERISA cause of action should be dismissed and the remaining causes of action should be dismissed because they are actions alleged under state law and there is no diversity jurisdiction. To the extent this Court decides to retain jurisdiction, all the remaining causes of action should be dismissed as well.

Respectfully submitted,

DATED:   August 9, 2010                TANNENBAUM HELPERN SYRACUSE
         New York, New York            & HIRSCHTRITT LLP


                                       By:      s/ Carl D. LeSueur
                                                Andrew W. Singer
                                                Carl D. LeSueur

                                       900 Third Avenue
                                       New York, New York
                                       (212) 508-6700

                                       *Attorneys for Defendants*