UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
PETER CAMPBELL and MICHAEL BERKLEY    :
                                       :
             Plaintiffs,               :
                                       :
                                       :  Civil Action No. 10-Civ-3177
       -   against -                   :  (JSR)
                                       :
THALES FUND MANAGEMENT, LLC; THALES    :
FUND MANAGEMENT, LLC DEFERRED          :
COMPENSATION PLAN; MAREK FLUDZINSKI;   :
KEVIN ERSHOV; and MOLLY ROGERS         :
                                       :
             Defendants.               :
                                       :
-------------------------------------------------------------------- x

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

                                        TANNENBAUM HELPERN
                                         SYRACUSE & HIRSCHTRITT
                                        900 Third Avenue
                                        New York, NY 10022
                                        Telephone:   (212) 508-6700
                                        Facsimile:   (212) 371-1084

Of Counsel:
     Andrew W. Singer
     Carl D. LeSueur

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT............................................................................................... 1

ARGUMENT ..............................................................................................................................2

    I.     The First Count Should Be Dismissed Because the
Thales Plan Is a Bonus Plan....................................................................................... 2

        A.     The Thales Deferred Compensation Plan is not an ERISA Plan .............. 2

        B.     The Thales Plan Is A Bonus Plan with the Option to Defer ......................5

        C.     The Request for Punitive Damages Should be Stricken from the First
Count ..............................................................................................................6

    II.    Plaintiffs' Second Count Should Be Dismissed Under
the Terms of the Agreement ...................................................................................... 6

    III.   Plaintiffs' Fourth, Fifth and Sixth Counts Should Also Be Dismissed Because
They Fail to Allege Reliance ..................................................................................... 7

    IV.   The Fifth and Sixth Counts Should Also Be
Dismissed For Lack of Particularity ......................................................................... 7

        A.     Plaintiffs Fail To Allege Any Basis for Belief that the
First Statement Was Made By Fludzinski or That It Was False ............... 7

        B.     Plaintiffs Allege No Reason To Believe The Second Statement
Was Even Made By Either Ershov or Fludzinski ...................................... 8

        C.     Plaintiffs' Fail To Allege What Rogers' Statement
Was or Defendants' Reliance Upon That Statement ................................ 9

    V.    Plaintiffs' Seventh Count Should Be Dismissed Because Conspiracy Is Not A
Cognizable Tort and Plaintiffs Have Not Alleged A Conspiracy....................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                         **Page**

*Burns v. Jackson Lindner*,
88 A.D.2d 50, 72, 452 N.Y.S.2d 80 (N.Y. 2d Dep't 1982) ......................................................... 10

*Critelli v. Fidelity Nat'l Ins. Co. of N.Y.*,
No. 05-CV-0371, 2007 WL 749693, *4 (E.D.N.Y. Mar. 7, 2007).......................................... 3, 4

*DiVittorio v. Equidyne Extractive Inds., Inc.*
822 F.2d 1242, 1247 (2d Cir. 1986).............................................................................................. 9

*Eurycleia Partners, LP v. Seward & Kissel, LLP*,
46 A.D.2d 400, 402-403, 849 N.Y.S.2d 510, 513 (N.Y. 1st Dep't 2007) ..................................... 9

*Foster v. Bell Atl. Tricon Leasing Corp.*,
No. 93 Civ. 4527, 1994 WL 150830, *1 (S.D.N.Y. Mar. 19, 1994). ............................................ 6

*Hahn v. National Bank, N.A.*,
99 F. Supp. 2d 275, 280 (E.D.N.Y. 2000) ................................................................................ 3, 4

*Houston v. Saracen Energy Advisers, L.P.*,
No. H-08-1948, 2009 WL 890384, *8 (S.D. Tex. Mar. 7, 2009) .................................................. 5

*International Paper Co. v. Suwyn*,
978 F. Supp. 506, 512 (S.D.N.Y. 1997)........................................................................................ 3

*Kass v. Kass*,
91 N.Y.2d 554, 566, 696 N.E.2d 174 (1998)............................................................................. 6-7

*Matthew 25 Ministries, Inc. v. Corcoran*,
771 F.2d 21, 22 (2d Cir. 1985)...................................................................................................... 5

*MDPhysicians & Assocs., Inc. v. State Board of Ins.*,
957 F.2d 178, 183 n.7 (5th Cir. 1992) .......................................................................................... 5

*Prieto v. Election.com*,
No. 04-CV-4413, 2005 WL 3560596, *3 (E.D.N.Y. Dec. 29, 2005).......................................... 6

*Schwartz v. Soc'y of the New York Hosp.*,
199 A.D.2d 129, 130, 605 N.Y.S.2d 72 (N.Y. 1st Dep't 1993).................................................. 10

*Segal v. Gordon*,
467 F.2d 602, 608 (2d Cir. 1972)................................................................................................ 10

*Serio v. Wachovia Securities, LLC*,
06-cv-4681, 2007 WL 2462626, *6 (D.N.J. Aug. 27, 2007) ......................................................... 4

*Shea v. Wells Fargo Armored Serv. Corp.*,
810 F.2d 372, 378 (2d Cir. 1982) ............................................................................................. 5-6

*Stern v. Leucadia National Corporation, LNC*,
844 F.2d 997, 1003 (2d Cir. 1988) ............................................................................................... 9

*Window Headquarters, Inc. v. MAI Basic Four, Inc.*,
No. 91 Civ.. 1816, 1994 WL 675319 *5 (S.D.N.Y. Dec. 1, 1994) .............................................. 7

**Other Authorities**

Fed. R. Civ. Proc. 9 ....................................................................................................................... 7

29 C.F.R. § 2510.3-2(c) ................................................................................................................ 4

**PRELIMINARY STATEMENT**

Plaintiffs' arguments in opposition highlight the inconsistency and insufficiency of their allegations.  For instance, Plaintiffs allege breaches of the Deferred Compensation Agreements, but argue the terms of those agreements are "a red herring" and "are not enforceable."  Similarly, Plaintiffs allege that Fludzinski, Ershov, and Rogers are individually liable for breaches of the Deferred Compensation Agreements, but do not even allege they are parties to the agreements.

The Plaintiffs' allegations regarding the other claims are even more incredible.  Plaintiffs allege – in a conclusory fashion – that Fludzinski, Ershov, and Rogers engaged in a conspiracy to commit fraud against the Plaintiffs.  Plaintiffs do not allege any agreement among the Individual Defendants, nor that any of them knowingly made a false statement to Plaintiffs.  Instead, Plaintiffs allege that Plaintiffs' immediate superior, Weekley, told Plaintiffs that their bonus awards were for 2007 and that the bonuses would not be forfeited unless Plaintiffs voluntarily resigned.  As to Fludzinski and Ershov, Plaintiffs allege that they should be held personally liable for Weekley's statements.  This assertion of liability appears to be based on pure speculation that Weekley's statements must have been based upon something either Fludzinski or Ershov previously said.  Speculation is not an appropriate basis for alleging fraud.  As for Rogers, Plaintiffs simply allege that she referred Berkley to the terms of the Thales Plan.  There is simply no basis for fraud or negligent misrepresentation claims against Fludzinski, Ershov, and Rogers.

Moreover, Plaintiffs allege that they were provided documents – the Thales Plan and the Deferred Compensation Agreements – which clearly contradict the allegedly false statements.  These documents state in unambiguous terms that the awards were for the year 2009 and were awarded subject to Plaintiffs' continued employment on January 1, 2010.  It is implausible to

allege that the alleged co-conspirators voluntarily provided documents exposing their own fraud. Less plausible still, Plaintiffs do not allege they made any demand or objection when they received the documents contradicting the alleged statements made by the Individual Defendants.

In addition, Plaintiffs misinterpret the law governing ERISA plans and bonus plans. Plaintiffs argue that the mere option to defer income for long periods turns the Thales Plan into an ERISA plan. Or that the Thales Plan is an ERISA plan because Thales' intent was to create an ERISA plan. Even if that were the case, providing an option to defer income or having intent to confer ERISA coverage does not turn a bonus plan into an ERISA plan.

We respectfully request that the Court dismiss the ERISA claim against all defendants and the remaining claims for lack of subject matter jurisdiction. To the extent the Court retains jurisdiction over the remaining claims, we request that the Court dismiss the Second, Fourth, Fifth, Sixth and Seventh Counts against all defendants.

## I.     The First Count Should Be Dismissed Because the Thales Plan Is a Bonus Plan[1]

### A.     The Thales Plan Is A Bonus Plan with the Option to Defer

Plaintiffs claim that, because the Thales Plan provides participants *the option* to defer income for long periods – which may result in deferral to post-employment periods – the Thales Plan is a pension plan subject to ERISA. This is simply not the law. A bonus plan is not an ERISA plan solely because it provides participants the option to defer the compensation for long periods, even until post-employment. *See International Paper Co. v. Suwyn*, 978 F. Supp. 506, 512 (S.D.N.Y. 1997); *Critelli v. Fidelity Nat'l Ins. Co. of N.Y.*, No. 05-CV-0371, 2007 WL 749693, *4 (E.D.N.Y. Mar. 7, 2007); *Hahn v. National Bank, N.A.,* 99 F. Supp. 2d 275, 280

---

[1] It is worth noting that, contrary to the assertions in Plaintiffs' Memorandum of Law and in their Amended Complaint, Rogers is not a principal of Thales and is not a member of the Deferred Compensation Committee. In addition, until July 2008, plan participants' primary contact regarding the Thales Plan was Roger Insley, not Rogers.

(E.D.N.Y. 2000).  A bonus plan is an ERISA plan only if (1) payments under the plan are "systematically deferred" to the post employment period, or (2) the plan was designed for the purpose of providing retirement income.  29 C.F.R. § 2510.3-2(c).

For instance, in *Hahn v. National Bank, N.A.*, the employer's bonus plan provided bonus awards that would vest three years after the award, with the option to further defer the income to post-retirement.  The court observed that this "was merely a choice provided to employees – not a requirement under the Plan sufficient to change its character."  99 F. Supp. 2d at 280.  Significantly, the court held that "[t]he mere presence of an option to defer compensation to post-retirement income no more transforms the PSP into a plan covered by ERISA than the fact that payments under the PSP could continue into an employee's post-employment period."  *Id.*

The Thales Plan is no different.  It is clear that the Thales Plan is designed to provide employees payment of awards while still employed with Thales.  The Plaintiffs themselves admit that if they quit before the vesting date they would forfeit their awards – which indicates an intent to award to current employees, not to give post-employment income.  (*See* Pl. Mem. of L. at 20.)  *See Serio v. Wachovia Securities, LLC*, 06-cv-4681, 2007 WL 2462626, *6 (D.N.J. Aug. 27, 2007) (payment after three year deferral, contingent on continuing employment indicates incentive for continuing employment, not pension plan).[2]  The Thales Plan ties the value of the bonus to the performance of funds managed by Thales, creating an incentive for its employees.

---

[2] Pursuant to the Thales Plan, participants are informed before the Election Date that they are eligible for an award in a future fiscal year, thus creating an incentive to remain employed at Thales.  (*See* LeSueur Decl. Ex. 2 §§ 2.12, 4.1, 4.2.)  Those participants are also informed before the Election Date whether they will have the option to further defer that award to a future date.  (*See* LeSueur Decl. Ex. 2 § 4.1(b) ("whether they may elect to defer receipt of a portion of their Awards for such Fiscal Year . . .").  Consistent with the Thales Plan, the Deferred Compensation Agreements offered to Plaintiffs in 2008 describe their awards as awards for the 2009 Fiscal Year that would vest on January 1, 2010, and provided the option to defer the awards further.  *See* LeSueur Decl. Exs. 3 & 4.

*See Critelli*, 2007 WL 749693, *3 (bonus as percentage of profits indicates incentive plan not pension plan). Thus, just as in *Hahn*, the awards under the Thales Plan vest at some future time and may, at the employee's option, be further deferred. This *option* to defer income does not change the Thales Plan from a bonus plan into an ERISA plan. *Hahn,* 99 F. Supp. 2d at 280.

Plaintiffs rely upon provisions in Sections 4.6 and 5.1 of the Thales Plan to argue that the Thales plan was designed to provide post-employment income. (Pl. Mem. of Law at 11.) But these provisions are clearly exceptions to the general operation and purpose of the Thales Plan. (*See* LeSueur Decl. Ex. 2 at § 4.6 ("*Notwithstanding the foregoing*, following a Partipant's termination of employment for any reason . . ." (emphasis added)); § 5.1 (provided, however, that, if the Participant's election results in the payment . . . following the Participant's separation from service . . .") (emphasis in original).) The fact that these provisions are included as exceptions only further underscores the fact that the general purpose of the Thales Plan is to provide for awards to current employees.

Plaintiffs also argue Section 4.2 of the Thales Plan makes it an ERISA plan because it gives the committee discretion in designating eligible awards. Plaintiffs argue such discretion could include deferral of already earned rewards. Whether or not that is so, the narrow discretion afforded the committee is clearly outside the general operation and purpose of the plan. (*Compare* LeSueur Aff. Ex. 2 §§ 4.1(a) and (b).) Even so, the ability to permit such deferrals is not relevant to the ERISA determination. The pertinent question is, given the terms of the plan, is the purpose to provide incentives to current employees or retirement income? 29 C.F.R. § 2510.3-2(c) Permitting employees to hold awards for a period – whether already vested or not – that are deemed invested in Thales funds provides employees an interest in the performance of the company. There is nothing in Section 4.2 to suggest the purpose of providing pension

4

payments.  Section 4.2 does not require or provide an incentive for employees to defer until retirement or post-termination, or provide a penalty for cashing the award while still employed.  In short, the purpose of this plan is to provide a performance incentive, not a pension payment.

Finally, Plaintiffs point to the introduction to the Thales Plan: "It is intended that the Plan constitute an unfunded 'top hat plan' for purposes of the Employee Retirement Income Security Act of 1974, as amended."  The Southern District of Texas has examined nearly identical language in a bonus plan and concluded that it does not create ERISA coverage, noting that the language does not state an intent to systematically defer income to retirement.  *Houston v. Saracen Energy Advisers, L.P.*, No. H-08-1948, 2009 WL 890384, *8 (S.D. Tex. Mar. 7, 2009).  In any event, courts generally hold that an employer's intent cannot confer ERISA coverage.  *See MDPhysicians & Assocs., Inc. v. State Board of Ins.*, 957 F.2d 178, 183 n.7 (5th Cir. 1992) (ERISA coverage turns on whether plan satisfies statutory definition, not intent); *see also Matthew 25 Ministries, Inc. v. Corcoran,* 771 F.2d 21, 22 (2d Cir. 1985) (employer's application for ERISA approval does confer ERISA coverage).  Against this background, the prefatory language can mean no more than that, in the event ERISA applies, the plan is intended to be a top hat plan for ERISA purposes.  It cannot confer ERISA coverage.

B. **Plaintiffs Have Not Alleged Surrounding Circumstances Indicating An ERISA Plan**

Plaintiffs next argue that it is inappropriate to dismiss an ERISA claim when there is a question of fact regarding whether "surrounding circumstances" suggest a plan is an ERISA pension plan.  But the Amended Complaint does not allege that the Thales Plan was promoted as a retirement plan, created incentives to defer to post-employment periods, or was regularly utilized as a retirement plan.  In the absence of such allegations, courts have routinely relied solely on the terms of the bonus plan to dismiss ERISA claims.  *See, e.g., Shea v. Wells Fargo*

5

*Armored Serv. Corp.,* 810 F.2d 372, 378 (2d Cir. 1982); *Prieto v. Election.com,* No. 04-CV-4413, 2005 WL 3560596, *3 (E.D.N.Y. Dec. 29, 2005); *Foster v. Bell Atl. Tricon Leasing Corp.*, No. 93 Civ. 4527, 1994 WL 150830, *1 (S.D.N.Y. Mar. 19, 1994).

      **C.**      **The Request for Punitive Damages Should be Stricken from the First Count**

Even if the First Count survives, punitive damages are not available under ERISA, as stated in Defendants' initial memorandum of law. *See Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 17 (2d Cir. 1991).

**II.**      **Plaintiffs' Second Count Should Be Dismissed Under the Terms of the Agreement**

The Deferred Compensation Agreements clearly provide that Plaintiffs' awards were forfeited because of their termination:

> "my annual Award for the 2009 Fiscal Year [] will vest, subject to my continued employment with the employers, on January 1st, 2010 (the 'Vesting Date'); provided, however, that the Deferred Compensation Account (2009) shall become 100% vested upon a Change of Control; provided that I remain employed through the consummation of the Change of Control. . . . Upon my termination of employment with the Employers I shall forfeit the unvested portion of my Deferred Compensation Account (2009).

Plaintiffs argue that Defendants' reliance upon the terms of those agreements is a "red-herring." This is an untenable position for Plaintiffs to take if they wish to assert a breach of contract under those agreements. (*Cf.* Am. Compl. ¶ 38 ("Defendants breached the Deferred Compensation Agreements.").)

As an alternative to the "red herring" argument, Plaintiffs argue the terms do not mean what they say. The most natural meaning of these terms, Plaintiffs argue, is that they refer only to voluntary resignation. To reach this conclusion, Plaintiffs isolate the term "Upon my termination," and claim it is either ambiguous or that its most natural meaning is voluntary resignation. This is just not a plausible construction. The ambiguity – if any – is lost when the phrase is placed in context, as it must be. *See Kass v. Kass*, 91 N.Y.2d 554, 566, 696 N.E.2d 174

6

(1998) (under New York law, particular words of contract should not be considered in isolation, but light of whole agreement).  Clearly, that phrase provides what happens to awards that were made "subject to my continued employment" if the participant is terminated before the vesting date or does not "remain employed through the consummation of a Change of Control."  Thus, the Second Count should be dismissed against all Defendants.[3]

### III.   Plaintiffs' Fourth, Fifth and Sixth Counts Should Also Be Dismissed Because They Fail to Allege Reliance

In addition, Plaintiffs' claims of promissory estoppel, fraud, and negligent misrepresentation must be dismissed because they do not allege detrimental reliance upon any promise or false statement.  Plaintiffs allege that the deferrals were "insisted upon," but argue they were not "mandatory."  This is a distinction without a difference.  Plaintiffs did not have the option to take the bonuses as current compensation in February 2008.  Accordingly, Plaintiffs cannot claim reliance and the Fourth, Fifth and Sixth Counts should be dismissed.

### IV.   The Fifth and Sixth Counts Should Also Be Dismissed For Lack of Particularity

In opposition, Plaintiffs have identified three alleged fraudulent statements.  None of these is sufficient to state a cause of action against any of the Defendants under FRCP 9(b).

#### A.   Plaintiffs Fail To Allege Any Basis for Belief that the First Statement Was Made By Fludzinski or That It Was False

The first statement Plaintiffs have identified is a statement alleged to have been made by Fludzinski to Weekley – and by Weekley to Plaintiffs – that "the deferred bonus compensation would be rolled over into a new event-driven fund that would be affiliated with Thales and operated by the other new members of the event-driven group."  This is clearly a statement of

---

[3] Even if the Second Count is not dismissed against Thales Fund Management or the Thales Plan – which it should be – it should be dismissed against Fludzinski, Ershov, and Rogers because they were not parties to the Deferred Compensation Agreements.

7

intent and prediction. Statements of intent or prediction are not actionable in fraud unless accompanied by allegations facts from which to infer the defendant did not have the declared intent at the time the statement was made and that the defendant actually did not have the declared intent. *See Window Headquarters, Inc. v. MAI Basic Four, Inc.*, No. 91 Civ.. 1816, 1994 WL 675319 *5 (S.D.N.Y. Dec. 1, 1994). Plaintiffs have not and cannot allege either. Accordingly, the Fifth and Sixth Counts should be dismissed against all Defendants.

In addition, the alleged statement is an insufficient basis for a fraud claim because Fludzinski made no statement to Plaintiffs. Plaintiffs also fail to allege any factual basis for any belief that Fludzinski made the alleged statement to Weekley. To the extent Weekley's statement constitutes fraud – which, as stated above, it does not – then Plaintiffs might have a cause of action against Weekley or his employer – Thales – but not against Fludzinski. Accordingly, even if the Fifth and Sixth Counts are not dismissed against Thales, they should be dismissed against Fludzinski.

### B. Plaintiffs Allege No Reason To Believe The Second Statement Was Even Made By Either Ershov or Fludzinski

The next allegedly fraudulent statement or negligent misrepresentation is alleged in paragraph 13 of the Amended Complaint. Specifically, "Weekley advised Plaintiffs that Thales would pay the deferred compensation on January 1, 2010. Weekley further advised Plaintiffs that the deferred compensation would only be forfeited if Plaintiffs voluntarily terminated their own employment before January 1, 2010." Notably, this allegation does not state that any of the individual defendants – Fludzinski, Ershov or Rogers – made any statement to either of the Plaintiffs. Then, in a conclusory fashion and only upon information and belief, Plaintiffs allege, "Weekley made these representations to Plaintiffs based upon representations made to Weekley by Fludzinski and/or Ershov." Again, Plaintiffs fail to allege any basis for attributing any

8

statement to Fludzinski or Ershov, as they must to survive a motion to dismiss.  *See Stern v. Leucadia National Corporation, LNC*, 844 F.2d 997, 1003 (2d Cir. 1988); *DiVittorio v. Equidyne Extractive Inds., Inc.* 822 F.2d 1242, 1247 (2d Cir. 1986).  It is apparent from Plaintiffs' "and/or" allegation that Plaintiffs do not have a basis to believe that either Fludzinski or Ershov made the statement.  The allegation is pure speculation.  Plaintiffs rely upon the unfounded assumption that because an employee of a company said something, that not only his company, but also his superiors as individuals should be held liable for his statements.  Accordingly, the Fifth and Sixth Counts must be dismissed against Fludzinski and Ershov.

      **C.**     **Plaintiffs' Fail To Allege What Rogers' Statement Was or Defendants' Reliance Upon That Statement**

The third alleged statement – and the only one that remotely implicates Rogers[4] – is that "Berkley confirmed with Rogers that if he was terminated without cause prior to January 1, 2010, Berkley would not forfeit his deferred compensation and that the monies would be invested in a money market account and be payable on January 1, 2010" when "Rogers referred Berkley to the Deferred Compensation Plan."  As a preliminary matter, there can be no claim of reliance on this statement.  *See Eurycleia Partners, LP v. Seward & Kissel, LLP*, 46 A.D.2d 400, 402-403, 849 N.Y.S.2d 510, 513 (N.Y. 1st Dep't 2007) (there can be no reliance on statements made after the fact).  It is clear from the Amended Complaint that the alleged communication took place after the deferral decision, which was made during a previous conversation with Weekley.  (*See* Am. Compl. ¶¶ 12-14.).

---

[4] Plaintiff allege a fourth false statement made by Rogers in March 2008.  It is clear that this statement was made after the alleged deferral decision, regardless of whether Plaintiffs sufficiently allege what was said, that it was knowingly false, or where or when it was said.  Accordingly, it cannot be the basis for a fraud claim.  *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 46 A.D.2d 400, 402-403, 849 N.Y.S.2d 510, 513 (N.Y. 1st Dep't 2007).

9

In addition, it is not at all clear what question Berkley asked or what answer Rogers is supposed to have given to him, other than referring him to the Deferred Compensation Plan. Thus, there is no basis for any claim of fraud or negligent representation against Rogers.

### V. Plaintiffs' Seventh Count Should Be Dismissed Because Conspiracy Is Not A Cognizable Tort and Plaintiffs Have Not Alleged A Conspiracy

There is no independent cause of action for conspiracy under New York law. *Burns v. Jackson Lindner*, 88 A.D.2d 50, 72, 452 N.Y.S.2d 80 (N.Y. 2d Dep't 1982) (failure to dismiss count of civil conspiracy is error). In any event, in New York, more than a mere conclusory allegation of conspiracy or common purpose is necessary to connect alleged nonactors with a tortious act. *See Schwartz v. Soc'y of the New York Hosp.*, 199 A.D.2d 129, 130, 605 N.Y.S.2d 72 (N.Y. 1st Dep't 1993). Here, Plaintiffs have failed to sufficiently allege that Fludzinski, Ershov, or Rogers committed fraud, and have offered nothing more than conclusory allegations to connect them with any alleged tort of Thales. *See, e.g., Segal v. Gordon,* 467 F.2d 602, 608 (2d Cir. 1972) ("The word 'conspiracy' does not alone satisfy the specificity requirement of Rule 9(b)."). Accordingly, the Seventh Count should be dismissed against all Defendants.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| DATED: | September 3, 2010<br>New York, New York | TANNENBAUM HELPERN SYRACUSE<br>& HIRSCHTRITT LLP |
|  |  | By:     s/Carl D. LeSueur<br>       Andrew W. Singer<br>       Carl D. LeSueur<br>900 Third Avenue<br>New York, New York<br>(212) 508-6700<br>*Attorneys for Defendants* |